UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Vergil Ortiz, Jr.,

Plaintiffs

v.

Golden Boy Promotions, LLC,

Defendant

Case No. 2:26-cv-00084-CDS-EJY

**Order Granting the Defendant's Emergency Motion Temporary Restraining Order**

[ECF No. 10]

Plaintiff Vergil Ortiz, Jr., initiated this action against defendant Golden Boy Promotions, LLC, on January 15, 2026, seeking declaratory relief, regarding an alleged breach of contract. *See* Compl., ECF No. 1. Golden Boy now moves for an emergency motion for a temporary restraining order (TRO). Emerg. mot., ECF No. 10.[1] Because Golden Boy satisfies the requirements for an emergency motion and a motion for a TRO, I grant its motion.

**I.    Background**

Ortiz is a professional boxer and Golden Boy is a boxing promotion company. ECF No. 1 at 1–2, ¶¶ 1–2. Golden Boy has served as Ortiz's promoter since 2016, and in May 2024, Ortiz and Golden Boy executed a Promotional Rights Agreement ("the Agreement"). *Id.* at ¶¶ 3–4; Agreement, Pl.'s Ex. A, ECF No. 1 at 14–27. The Agreement contains an arbitration clause which states in relevant part:

> Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach, or termination thereof, including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration· in accordance with the JAMS Commercial Arbitration Rules before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice. If the parties are unable to select an arbitrator, the arbitrator will be selected in accordance with the JAMS Rules. The place of arbitration will be Las Vegas, Nevada. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The prevailing Party in arbitration shall be entitled to its reasonable costs, including the costs of arbitration, and attorneys' fees.

---

[1] Also pending before the court are Golden Boy's motion to compel arbitration (ECF No. 7) and motion to dismiss (ECF No. 8). A separate order resolving these motions will issue in due course.

*Id.* at 23, ¶ 12(a).

As alleged, pursuant to this Agreement, Golden Boy was to promote Ortiz's bouts for three more years, with minimum payments per fight exceeding one million dollars. *Id.* at ¶ 4. This agreement allowed Ortiz to terminate if, for any reason, Golden Boy's contract with its long-term broadcaster, DAZN, ended. *Id.* at ¶ 5. Golden Boy's contract with DAZN expired on December 31, 2025. *Id.* at ¶ 6. The Agreement contains the following provision which is at the heart of the dispute between the parties:

> Promoter's distribution relationship with DAZN is a material incentive for Boxer to enter into this Agreement. In the event that Promoter's distribution relationship with DAZN terminates, for any reason, and Promoter does not have an agreement in principle in place for an exclusive distribution relationship with an alternative broadcaster, then Boxer shall have the right to terminate this Agreement. For avoidance of doubt, if Promoter has agreed on all material terms with an alternative broadcaster, but is in the process of negotiating the long form agreement with that broadcaster, Boxer shall not be entitled to terminate this agreement. Boxer's right to terminate must be exercised by written notice within thirty (30) days following Boxer obtaining knowledge of the triggering event, or will be deemed waived.

*Id.* at 22, ¶ 10(g).

On January 8, 2026, Ortiz sent a letter to Golden Boy seeking confirmation that its broadcast contract with DAZN had expired on December 31, 2025, so it could terminate the agreement. *Id.* at ¶¶ 6, 20; Corresp., Pl.'s Ex. B, ECF No. 1 at 28–29. On January 13, 2026, Golden Boy confirmed that its agreement with DAZN ended, but it argued that Ortiz could not terminate the agreement because Golden Boy and DAZN had agreed on the material terms of a new License Agreement to cover 2026 and 2027 and they had exchanged drafts of their agreements. *Id.* at ¶¶ 7, 21; Jan. 13, 2026 corresp., Pl.'s Ex. C, ECF No. 1 at 31–32.

Among other things, Ortiz alleges that there were several prior breaches to their agreement that included Golden Boy undercutting any opportunity to maximize Ortiz's potential earnings from Saudi-backed sponsorships. *Id.* at ¶ 28. After Golden Boy received notification of Ortiz's intent to terminate their agreement, Golden Boy took steps that have interfered with his ability to negotiate with other promoters—this includes Oscar De La Hoya

posting on social media asserting that he was the one leading all negotiations related to Ortiz and threatening legal actions against Rick Mirigian (Ortiz's manager). *Id.* at ¶¶ 31, 36–37.

In the complaint, Ortiz brings the following claims for relief: (1) declaratory relief that his agreement with Golden Boy has concluded; (2) breach of contract; and (3) intentional interference with prospective economic advantage by way of Oscar De La Hoya's comments and actions that Golden Boy knew, or should have known, would confuse the boxing public and other promoters, and would limit opportunities for Ortiz to negotiate lucrative bouts. *See generally id.*

## II.     Legal standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted)). To obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (citation modified).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

III.    **Discussion**

  A.  **Golden Boy has complied with the local rules governing emergency motions.**

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.'" *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally, an emergency motion is properly presented only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

The local rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of

movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id.*

Golden Boy has generally complied with Local Rule 7-4(a) and has met the requirements before filing its emergency motion for a TRO. *See generally* Ricardo decl., ECF No. 10-2. Golden Boy however is cautioned that simply asserting that it has a concern that an attempt to meet and confer would lead Ortiz to rush into an agreement which would moot the motion (ECF No. 10-2 at 3, ¶ 7), is insufficient grounds to fully comply with the rule. However, because both parties interest are at stake, I nonetheless find that this motion warrants an emergency designation and consideration. In its declaration, Golden Boy explains that Ortiz may execute an agreement this week with third parties for a boxing match with Jaron Ennis which would breach the parties' agreement, and this would cause irreparable harm to Golden Boy. *Id.* Further, the declaration also provides the office addresses and telephone numbers of the movant and all affected parties, and explains that it was not practicable to meet and confer due to the nature of the emergency. *Id.* at ¶ 5. Therefore, I find that the requirements for an emergency designation are met. I now address the merits of Golden Boy's arguments related to its TRO.

**B. Golden Boy's motion satisfies the *Winter* factors.**

As a threshold matter, I note that "a district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process-provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings of Ams., Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010). Here, the Agreement between the parties contains an arbitration clause. *See* ECF No. 1 at 23, ¶ 12(a); Def.'s Ex. A, ECF No. 10-1 at 15, ¶ 12. I make no determination as to the enforceability of the arbitration clause, as the pending motion to compel arbitration (ECF No. 7)

will be decided in a separate order, but rather note that this dispute relates to an arbitrable claim so it is part of the analysis in determining whether a TRO should issue.

To warrant a TRO, Golden Boy must point to specific facts showing that it is likely to succeed on the merits, that it is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. I find that Golden Boy satisfies the *Winter* factors.

First, Golden Boy shows that it is likely to succeed on the merits. Its emergency motion seeks to preserve the status quo pending arbitration by preventing and precluding Ortiz, and all managers, representatives, agents, and employees, acting on behalf of Ortiz's behalf from negotiating and contracting with third parties regarding future boxing matches involving Ortiz. ECF No. 10 at 2. Golden Boy contends that it has recently learned that Ortiz may enter into a contract with third parties this week for his next boxing match, and this would violate his agreement with Golden Boy. *Id.*

Ortiz's complaint seeks declaratory relief, asserting that there is no longer an agreement between him and Golden Boy. *See* ECF No, 1 at 8, ¶¶ 39–43. Ortiz also brings claims of breach of contract and intentional interference with prospective economic advantage against Golden Boy. Absent from the complaint is reference to the arbitration clause from the Agreement. *See* ECF No. 1 at 23, ¶ 12(a).

On February 4, 2026, Golden Boy commenced a JAMS arbitration against Ortiz, alleging that Ortiz has breached the agreement and interfered with its contract,[2] and contractual negotiations with broadcaster, DAZN. ECF No. 10 at 2–3; Arbitration statement, Def.'s Ex. 2, ECF No. 10-2 at 8–16. Golden Boy asserts that Ortiz knew that it was a party to a contract with DAZN and engaged in negotiations with DAZN, but Ortiz nonetheless engaged in unauthorized

---

[2] In Nevada, to establish a claim for intentional interference with contractual relations, a plaintiff must allege facts demonstrating "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

negotiations with third parties for the Ennis bout, which is a breach of the Agreement. ECF No. 10 at 12. As a result, negotiations between DAZN and Golden Boy for a new broadcast agreement came to a halt. *Id.* Based on these arguments, I find that Golden Boy has at least a "fair chance of success on the merits" of this case. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 424 (9th Cir. 1991).

Second, Golden Boy would suffer irreparable harm absent the TRO. "[A] party seeking a TRO must show it is likely to suffer imminent irreparable harm in the absence of injunctive relief." *P.H. v. Compton Unified Sch. Dist.*, 2023 U.S. Dist. LEXIS 231287, at *3 (C.D. Cal. Nov. 17, 2023) (citing *Winter*, 555 U.S. at 20). I find that Golden Boy's allegations support a finding that it is facing an imminent harm.

Ortiz's complaint makes clear his intention to seek negotiations with third parties. Indeed, in his claim for declaratory relief, Ortiz seeks a determination that the Agreement with Golden Boy has terminated. *See* ECF No. 1 at 8, ¶¶ 39–43. Further, Ortiz's representatives are actively seeking **to negotiate bouts for him** all the while the Agreement is still being disputed. *Id.* at ¶¶ 51–55. Golden Boy asserts in its motion that three individuals have informed it that Ortiz is on the verge of executing an agreement with third parties for a bout with Jaron "Boots" Ennis. ECF No. 10 at 3. Golden Boy contends that if Ortiz enters into an agreement with third parties for the Ennis bout, monetary damages could not remedy Golden Boy's lost broadcast relationships and agreements with DAZN and others. *Id.* This constitutes irreparable harm.

Third, the balance of equities supports granting the TRO. If denied, Golden Boy could suffer irreparable harm if Ortiz enters into an agreement with third parties. Granting this temporary relief will not cause significant hardship to Ortiz because, by its nature, its temporary, and the contract dispute with Golden Boy is ongoing.

Fourth, a temporary restraining order is in the public's interest. "The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of [temporary] relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted).

In this case, I find no such public interest would be injured by the issuance of such temporary relief. And, there is a public interest in both enforcing valid arbitration agreements and in private parties being permitted to expeditiously investigate and pursue claims related to business practices. *See Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*, 2015 WL 5680317, at *5 (C.D. Cal. Sep. 25, 2015); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (discussing the strong federal policy to enforce arbitration agreements pursuant to the Federal Arbitration Act). Thus, this fourth factor is met.

Lastly, the issuance of a temporary restraining order is conditioned on the movant posting security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The district court is afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (citations omitted). Further, a strong likelihood of success on the merits may favor "a minimal bond or no bond at all." *California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

Golden Boy has not addressed what amount of security should be required, given the urgency of this motion, I find limited supplemental briefing necessary. I therefore direct the parties to address the amount of bond that should be set. Golden Boy must file a supplemental brief addressing the bond issue **only** by February 14, 2026 by 12:00 p.m. Any opposition to the TRO motion and supplemental brief is due by Tuesday, February 17, 2026 at 12:00 p.m. Golden Boy must reply by February 18, 2026 by 5:00 p.m.

IV.     Conclusion

IT IS HEREBY ORDERED that defendant Golden Boy's motion for an emergency temporary restraining order **[ECF No. 10] is GRANTED**. Ortiz is precluded from entering into third party contracts for the Ennis bout until further order of the court.

IT IS FURTHER ORDERED that the parties are required to provide supplemental briefing as to the amount of bond that should be set.

IT IS FURTHER ORDERED that the parties are required to appear for a hearing and oral argument regarding the defendant's motion on Friday, February 20, 2026, at 10:00 a.m., in LV Courtroom 6B.

Dated: February 13, 2026

_____
Cristina D. Silva
United States District Judge