**THE MALONEY FIRM, APC**
Gregory M. Smith, Esq., **CA Bar No. 259971**
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
T: (310) 540-1505 │ F: (310) 540-1507
E: gsmith@maloneyfirm.com

**SILVESTRI LLC**
Phillip A. Silvestri, Esq., **NV Bar No. 11276**
5725 S. Valley View Blvd., Suite 5-902925
Las Vegas, NV 89118
T: (702) 908-3698
E: phillip@silvestri.com

Attorneys for Plaintiff, VERGIL ORTIZ, JR.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VERGIL ORTIZ, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN BOY PROMOTIONS, LLC;<br>and DOES 1-15, inclusive,<br><br>Defendants. | Case No.:   2:26-cv-00084-CDS-EJY<br>Judge:   Hon. Cristine D. Silva<br>Magistrate   Hon. Elayna J. Youchah<br>Judge:<br>Department:   6B<br>Complaint Filed:   January 15, 2026<br>Trial Date:   Not Set<br><br>**DECLARATION OF GREGORY M.<br>SMITH IN OPPOSITION TO<br>DEFENDANT'S EMERGENCY<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER**<br><br>Hearing Date:   February 20, 2025<br>Time:   10:00 a.m. |

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 │ F: (310) 540-1507

I, Gregory M. Smith, declare as follows:

I am a member of the California Bar in good standing and I am counsel of record for Vergil Ortiz, Jr, Plaintiff in this action. The facts stated herein are personally known to me and, if called as a witness, I could and would testify to them under oath. I offer this declaration in Opposition to Golden Boy Promotions' Emergency Motion for a Temporary Restraining Order.

1.    On January 8, 2026, I sent a letter to GBP seeking confirmation that GBP's broadcast contract with DAZN had expired on December 31, 2025 and, if so, exercising VO's right to terminate the PRA per section 10(g) thereof.  A true and correct copy of that letter was attached to VO's Complaint and is attached hereto as Exhibit 1.

2.    On January 13, 2026, I received a letter from GBP, which confirmed that the GBP/DAZN agreement had concluded, but asserting that Ortiz did not have the right to terminate the PRA because "…in late October, Golden Boy and DAZN agreed on the material terms of a new Licence (sic) Agreement to cover calendar years 2026 and 2027 and have since exchanged several drafts of the long form agreement documenting those material terms." A true and correct copy of that letter was attached to VO's Complaint and is attached hereto as Exhibit 2.

3.    On January 28, 2026, I, on behalf of Canelo Promotions, LLC, received a cease and desist letter from GBP threatening legal action if it sought to contract with VO.  A true and correct copy of that letter is attached hereto as Exhibit 3.

4.    On January 29, 2026, GBP filed a lawsuit against VO's manager Rick Mirigian – himself a signatory to the PRA – in Los Angeles Superior Cout for Interference with Contract and Interference with Prospective Economic Advantage. That Complaint is substantially similar to the Statement of Claim against VO submitted by GBP to JAMS for arbitration on February 4, 2026 (and attached to Mr Cestero's declaration).  A true and correct copy of that Complaint, as obtained from

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**DECLARATION OF GREGORY M. SMITH IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

1  the Court's website, is attached hereto as Exhibit 4.

2       I declare under the penalty of perjury that the foregoing is true and correct.

3

4  Executed this 17th of February 2026 at El Segundo, CA.

5

6  _____

7                    Gregory M. Smith

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

**DECLARATION OF GREGORY M. SMITH IN OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

# EXHIBIT 1



Gregory M. Smith
direct dial: 310.347.4698
gsmith@maloneyfirm.com

January 8, 2026

<u>**VIA E-MAIL ONLY**</u>
**RCestero@ggfirm.com**

Ricardo P. Cestero
GREENBERG GLUSKER
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

     ***Re:***    ***Promotional Rights Agreement between Vergil Ortiz, Jr. and Golden Boy***
             ***Promotions, LLC***

Mr. Cestero,

As you are well aware, in May 2024, our respective clients – Vergil Ortiz, Jr. ("VO") and
Golden Boy Promotions, LLC ("GBP" or "Promoter") – executed a Promotional Rights
Agreement ("PRA") under which GBP obtained the right to promote VO's bouts between
August 2024 and August 2027.

Amongst the various obligations undertaken by GBP in the PRA, were the obligation to
provide VO "two bouts per Year, with at least 3 different opponents offered per but at
least sixty (60) days before the proposed fight date."  (PRA 3(i).)

VO last fought in November and is looking to get back in the ring in spring 2026.
However, to date, GBP has only been offered a bout with a single opponent (Boots
Ennis).  VO's manager, Rick Mirigian, was told by GBP in a December 2025 meeting
that GBP would not offer any other opponents and that its broadcaster would not
approve VO to fight anybody other than Boots. Thereafter, Dan Rafael reported that
DAZN executive (presumably without knowledge of the terms of the PRA) told him that
the network would not allow an offer of any VO opponent besides Boots.  As for the
terms of the offer, it falls far short of the marketplace for fights of similar significance
between elite young fighters on the cusp of pound for pound superstardom.

On the topic of DAZN, the PSA further states, "Promoter's distribution relationship with
DAZN is a material incentive for Boxer to enter into this Agreement. In the event that
Promoter's distribution relationship with DAZN terminates, for any reason, and Promoter
does not have an agreement in principle in place for an exclusive distribution
relationship with an alternative broadcaster, then Boxer shall have the right to terminate
this Agreement. For avoidance of doubt, if Promoter has agreed on all material terms
with an alternative broadcaster, but is in the process of negotiating the long form
agreement with that broadcaster, Boxer shall not be entitled to terminate this

Ricardo P. Cestero
GREENBERG GLUSKER
**_Re: Promotional Rights Agreement between Vergil Ortiz, Jr. and GBP_**
January 8, 2026
Page:  2

agreement. Boxer's right to terminate must be exercised by written notice within thirty (30) days following Boxer obtaining knowledge of the triggering event, or will be deemed waived."  (PRA 10(g).)

VO understands that GBP's agreement with DAZN has been terminated or otherwise expired as of the end of 2025. If VO is mistaken as to the completion or duration of GBP's distribution agreement with DAZN, GBP should – as soon as possible – provide documents demonstrating on ongoing contractual relationship.

Otherwise, please consider this to be VO's notice of termination per section 10(g) of the Promotional Rights Agreement.

This letter is not intended to be a compete recitation of VO's rights, GBP's breaches of the PRA, VO's damages therefrom, or VO's potential remedies.  All rights are reserved, and none are waived.


Sincerely,

THE MALONEY FIRM, APC


Gregory M. Smith

GMS
00227040.DOCX

**EXHIBIT 2**



Ricardo P. Cestero

D:  310.785.6809
F:  310.553.0687
RCestero@ggfirm.com
File Number: 17896-00601

January 13, 2026

**Via E-Mail**

Gregory M. Smith
The Maloney Firm APC
2381 Rosecrans Avenue
Suite 405
El Segundo, California 90245
gsmith@maloneyfirm.com

> Re:    **Promotional Agreement Between Golden Boy Promotions, LLC and Vergil Ortiz, Jr.**

Dear Greg:

I write in response to your letter of January 8, 2026.  Your letter makes a variety of inaccurate assertions and purports to terminate the Promotional Rights Agreement ("Agreement") dated as of May 29, 2024 between Golden Boy Promotions and Vergil Ortiz, Jr. Contrary to the assertions in your letter, Mr. Ortiz is not permitted to terminate the Agreement and, in fact, is in breach of his obligations under the Agreement.

You cite Section 10(g) of the Agreement as the purported grounds for termination. However, your assertions regarding Golden Boy's broadcast arrangements are materially inaccurate.  Specifically, although Golden Boy's 2025 Licence Agreement with DAZN expired on December 31, 2025, in late October, Golden Boy and DAZN agreed on the material terms of a new Licence Agreement to cover calendar years 2026 and 2027 and have since exchanged several drafts of the long form agreement documenting those material terms.  The most recent draft has been with DAZN since before the holidays.  Since then, Jared Kass, Golden Boy's main contact at DAZN has been on paternity leave.  Given these facts, the Agreement makes absolutely clear that "Boxer shall not be entitled to terminate this agreement."  Your attempt to terminate the Agreement is therefore invalid and ineffective and Mr. Ortiz remains bound by the terms of the Agreement.

You make additional assertions regarding Golden Boy's alleged failure to perform its obligations to offer Mr. Ortiz bouts under the Agreement.  These assertions are similarly wholly unsupported by the terms of the Agreement.  As your letter acknowledges, Mr. Ortiz fought in November.  Golden Boy is obligated to offer him two fights per contract year, which runs from August 10 of each year to August 10 the following year.  Accordingly, Golden Boy has eight months remaining in which to provide Mr. Ortiz his second fight during this contract year.

Gregory M. Smith
January 13, 2025
Page 2

Moreover, your comments about the negotiations for a potential fight against Jaron Ennis are wildly inaccurate. Golden Boy has offered Mr. Ortiz a guarantee of $3 million for that fight—$1 million more than the guarantee required by the Agreement—along with potential pay-per-view upside. In response, Mr. Ortiz has demanded a $7 million guarantee, which is more than three times what is required under the Agreement and twice as much as Mr. Ortiz has ever earned in his career. That demand is completely unreasonable given that neither Mr. Ortiz nor Mr. Ennis has ever proven the ability to carry a pay-per-view event. Manifestly, Mr. Ortiz is acting in bad faith and making wholly unreasonable demands.

Moreover, Golden Boy is informed that Mr. Ortiz's representatives, including you, have engaged in discussions and negotiations directly with third parties regarding potential fights for Mr. Ortiz, including the Ennis fight. As you well know, Section 2(b) of the Agreement expressly prohibits Mr. Ortiz or his representatives from negotiating for his boxing events. Further, Section 3(k) explicitly states that "Boxer and his representatives expressly agree to direct any and all inquiries they may receive from potential opponents to Promoter for purposes of negotiating the terms of a potential bout with Boxer." Mr. Ortiz's direct discussions with third parties are a clear breach of these provisions.

To make matters worse, Golden Boy is informed that Mr. Ortiz's representatives have improperly disclosed material terms of the Agreement to third parties during those negotiations. The disclosure of these terms to third parties, coupled with Mr. Ortiz's manifestly unreasonable demands made to Golden Boy, and his direct communications with third parties, have all made Golden Boy's negotiations over the DAZN long form more difficult and have directly resulted in delays to completing that agreement. As such, contrary to your assertions, Mr. Ortiz is currently in breach of the Agreement and its covenant of good faith a fair dealing.

We hereby instruct you, Mr. Ortiz, and his other representatives to immediately cease and desist from communicating with any third parties regarding potential fights for Mr. Ortiz or the terms of the Agreement. Should you refuse, Golden Boy is prepared to seek all available relief, including through an action for declaratory and injunctive relief to prohibit ongoing violations of Golden Boy's rights.

This letter is not meant as a complete statement of Golden Boy's rights or remedies, all of which are expressly reserved.

Sincerely,

Ricardo P. Cestero

RPC

GreenbergGlusker.com

**EXHIBIT 3**



Ricardo P. Cestero

D: 310.785.6809
F: 310.553.0687
RCestero@ggfirm.com
File Number: 17896-00601

January 28, 2026

**Via E-Mail**

Gregory M. Smith
The Maloney Firm APC
2381 Rosecrans Avenue
Suite 405
El Segundo, California 90245
gsmith@maloneyfirm.com

  Re: **Vergil Ortiz, Jr. x Canelo Promotions, LLC**

Dear Greg:

  Given your long-standing representation of Saul "Canelo" Alvarez, I am writing to you regarding his company, Canelo Promotions, LLC.  Please advise if you do not represent Canelo Promotions, and I will direct this correspondence elsewhere.

  My client, Golden Boy Promotions, LLC, has learned that Canelo Promotions is attempting to sign Vergil Ortiz, Jr. to a promotional agreement.  Canelo Promotions is well aware that Mr. Oritz remains subject to the exclusive Promotional Rights Agreement he signed with Golden Boy.  Although you have improperly filed a lawsuit on behalf of Mr. Ortiz against Golden Boy seeking to terminate that agreement, your client's claim has yet to be adjudicated, and he therefore remains bound by the terms of the agreement.

  More importantly, as you well know, even if your client were correct that he properly terminated the agreement with Golden Boy (he is not), Golden Boy retains a right of first negotiation and last refusal regarding any new promotional agreement with Mr. Ortiz.  That right of first negotiation and last refusal applies upon termination of the promotional agreement. Accordingly, any attempt by Canelo Promotions to negotiate any form of promotional agreement with Mr. Ortiz would directly violate Golden Boy's rights.

  Golden Boy therefore demands that Canelo Promotions and its representatives immediately cease and desist from any contact with Mr. Ortiz or his representatives and refrain from making any attempts to negotiate a promotional agreement with Mr. Ortiz.  Should your client refuse, Golden Boy intends to enforce its rights, including by way of an action against Canelo Promotions for interference with contract and prospective economic advantage, seeking all available relief, including a temporary restraining order and preliminary injunction to prevent any further violations of Golden Boy's rights.

2049 Century Park East, Suite 2600, Los Angeles, CA  90067   |   310-553-3610 Main   |   310-553-0687 Fax    GreenbergGlusker.com

17896-00601/5968375.1

Gregory M. Smith
January 28, 2025
Page 2


     This letter is not meant as a complete statement of Golden Boy's rights or remedies, all of which are expressly reserved.

                    Sincerely,

                    Ricardo P. Cestero

RPC

GreenbergGlusker.com

# EXHIBIT 4

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/29/2026 4:56 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

1   RICARDO P. CESTERO (SBN 203230)
    RCestero@ggfirm.com
2   JONATHAN J. BOUSTANI (SBN 274748)
    JBoustani@ggfirm.com
3   ARRON J. PAK (SBN 341572)
    APak@ggfirm.com
4   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
5   2049 Century Park East, Suite 2600
    Los Angeles, California  90067
6   Telephone:    310-553-3610
    Facsimile:    310-553-0687
7
8   Attorneys for Plaintiff
    Golden Boy Promotions, LLC

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF LOS ANGELES

12                               CENTRAL DIVISION

13

14   GOLDEN BOY PROMOTIONS, LLC, a          Case No.  26STCV03099
     Delaware limited liability company,
15                                          COMPLAINT FOR INTERFERENCE
              Plaintiff,                    WITH CONTRACT AND
16                                          INTERFERENCE WITH PROSPECTIVE
         v.                                 ECONOMIC ADVANTAGE
17
     RICK MIRIGIAN, an individual and DOES 1
18   through 25,

19           Defendants.

20

21

22

23

24

25

26

27

28

17896-00601/5962344.2

COMPLAINT

Plaintiff Golden Boy Promotions, LLC ("Golden Boy") alleges as follows:

1.      Boxing managers are supposed to help advance the careers and look out for the best interests of the fighters they represent.  Unfortunately, all too often, boxing managers put their own personal interests in front of their clients.  This case is one such example.  Defendant Rick Mirigian ("Mirigian") is a boxing manger.  He represents a number of boxers, the most successful of which is Vergil Ortiz, Jr. ("Ortiz").  Unfortunately, Mirigian has embarked on a campaign of self-promotion and self-aggrandizement in an effort to ingratiate himself with the newest player in the boxing world—Dana White and his UFC affiliated boxing promotional company, Zuffa.  In a transparent effort to curry favor with Zuffa, Mirigian has deliberately and willfully interfered with Golden Boy's contracts for his own personal self-interest.  He is not acting for the benefit of Ortiz—he is acting for himself only.

2.      For months, Mirigian, in direct violation of Ortiz's obligations to Golden Boy, has engaged in negotiations directly with competing promoters, such as Matchroom Boxing USA, Inc., Canelo Promotions, LLC and others, and has disclosed the confidential terms of Ortiz's agreement with Golden Boy to third parties.  Mirigian has used these negotiations and unlawful disclosures to promote his own supposed standing in the boxing business and attract attention to himself.  Notably, Mirigian has never attempted in good faith to come to an agreement for Ortiz's next fight.  Rather, he has simply used Ortiz as a pawn in his campaign of self-promotion.  Golden Boy brings this lawsuit to right this egregious wrong.

## **PARTIES**

3.      Golden Boy is one of the world's leading boxing promotional companies, founded by eight-time world champion, Oscar De La Hoya.  For more than 20 years, Golden Boy has promoted the fights of some of the biggest names in boxing, from De La Hoya himself to Floyd Mayweather and Saul "Canelo" Alvarez.  Ortiz is one of the top fighters on Golden Boy's current roster.

4.      Mirigian is a boxing manager who represents Ortiz as well as a number of developing fighters.  Ortiz is Mirigian's only significant client.

5.      The true names and capacities of defendants named herein as Does 1 through 25

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    are unknown to Golden Boy who therefore sues said defendants by such fictitious names.  Golden

2    Boy will ask leave of this court to amend this complaint to show their true names and capacities

3    when the same have been ascertained.  Golden Boy is informed and believes, and thereon alleges,

4    that Does 1 through 25 were responsible in some manner for the acts and transactions hereinafter

5    alleged and are liable to Golden Boy therefore.

6         6.     Golden Boy is informed and believes, and thereon alleges, that at all times herein

7    mentioned each of the defendants was the agent and employee of the other defendants, and was at

8    all times herein mentioned acting within the scope of such agency and employment.

9                              **COMMON ALLEGATIONS**

10        7.     Golden Boy originally signed Ortiz to an exclusive promotional contract in 2016

11   when he turned pro after winning a silver medal in the Golden Gloves competition that year.

12   Working closely with Ortiz and his father, Vergil, Sr., Golden Boy proceeded to guide Ortiz

13   through the early years of his career, helping develop him into one of the hottest young fighters in

14   the world.  In 2019, Ortiz was named "Prospect of the Year" by Ring Magazine.

15        8.     In 2020, Mirigian formed a partnership with a new entity in boxing, MTK Global

16   ("MTK"), in which Mirigian would work as a boxing manager and MTK would work as an

17   "advisor" to boxers, helping them with their careers.  MTK was originally founded by notorious

18   Irish crime boss, Daniel Kinahan, and was then looking to expand operations into the United

19   States.  Notwithstanding its questionable origins, Golden Boy is informed and believes that

20   Mirigian happily associated himself with MTK because they were willing to pay boxers signing

21   bouses to attract them to the partnership.

22        9.     In November 2020, Mirigian induced Ortiz to sign on with his new partnership

23   with MTK such that Mirigian would act as Ortiz's boxing manager and MTK would advise Ortiz

24   on business matters.  Less than two years later, in April 2022, the United States Government

25   imposed international sanctions on Kinahan and his entities because of his suspected criminal

26   activities.  As a result, Mirigian and Ortiz were required to sever all ties to MTK and certify to

27   Golden Boy that they had done so.  Thereafter, Mirigian continued as Ortiz's manager without

28   MTK's involvement.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

10.     By 2024, Ortiz had an undefeated career record of 21-0, all by way of knockout. In the summer of 2024, Golden Boy secured an opportunity for Ortiz to fight for the WBC Interim World Super Welterweight championship against Serhii Bohachuk.  At the same time, Golden Boy and Ortiz negotiated a new exclusive promotional agreement that would take effect on the date of the Bohachuk fight and continue for three years thereafter (the "Promotional Agreement").

11.     The Promotional Agreement explicitly states that Ortiz grants Golden Boy the *exclusive* right to promote all of Ortiz's boxing activities and the *exclusive* right to negotiate for all of Ortiz's boxing matches.  In order to protect Golden Boy's rights and to prevent confusion in the marketplace as to who is authorized to negotiate for Ortiz's bouts, the Promotional Agreement further provides that if Ortiz or any of his representatives were to receive any proposals for potential fights from third parties, they are required to immediately forward all such inquires to Golden Boy for negotiation. Ortiz's representatives are only permitted to participate in negotiations with Golden Boy's express permission.  Because Mirigian participated in the negotiation of the Promotional Agreement he was fully aware of its existence and terms at all times.

12.     Ortiz defeated Bohachuk and won the WBC Interim title, cementing his position as one of the top young fighters in the sport.  Thereafter, Golden Boy negotiated for Ortiz to defend his title against Israil Madrimov in an event in Saudi Arabia, arranged and produced by Sela Sports.  For his participation that bout, Golden Boy negotiated the largest purse of Ortiz's career, $3.5 million—significantly above the minimum purses required in the Promotional Agreement. Yet again, Ortiz prevailed, raising his status even further.

13.     This is when Mirigian saw an opportunity to take advantage of Ortiz's success to further Mirigian's own self-interest.  Golden Boy is informed and believes that, beginning in 2025, Mirigian began communicating directly with other promoters, broadcasters and potential opponents about Ortiz's next fights.  Again, on information and belief, Golden Boy alleges that, during 2025, even though Ortiz was bound by the exclusive Promotional Agreement with Golden Boy, Mirigian actively pursued multi-fight arrangements for Ortiz with third parties.  Mirigian

also attempted to negotiate terms of fights for Ortiz directly with Matchroom and other third

parties.  This conduct has continued up through the date of this complaint.

14.     Mirigian engaged in these negotiations with third parties in his own self-interest.

Knowing full well that Ortiz was bound by the Promotional Agreement and would not be free to

sign a multi-fight deal with anyone, Golden Boy is informed and believes that Mirigian

nevertheless made these proposals to curry favor with other promoters and broadcasters and to

obtain opportunities for his other fighters.  During this same time, Mirigian engaged in a pattern

of shameless self-promotion on social media in order to get himself recognized as a supposed

person of influence in the boxing business.  Sadly, Mirigian did all of this without consideration

for its impact on Ortiz and his career.

15.     Golden Boy is informed and believes that, during these improper negotiations with

third parties, Mirigian disclosed information regarding the terms of the Promotional Agreement.

Specifically, Golden Boy is informed and believes that Mirigian disclosed things such as the term

of the Promotional Agreement, the minimum purses required by the Promotion Agreement, the

amounts offered by Golden Boy for potential fights, and the importance of Golden Boy's

broadcast arrangements with the streaming service, DAZN.

16.     Mirigian disclosed all of these terms for two reasons.  First, Mirigian sought to

make Golden Boy's job negotiating for Ortiz's fights more difficult in order to weaken Golden

Boy's relationship with Ortiz so that he could paint himself as the only person who could get

deals done for Ortiz.  Second, Mirigian sought to interfere with Golden Boy's broadcast

relationship with DAZN in the hopes that he could take Ortiz away from DAZN and offer him to

other promoters and broadcasters, such as Zuffa and Paramount+, to whom Mirigian had

promised other of his fighters.  Given Ortiz's status in the sport, Mirigian hoped that doing so

would increase Mirigian's standing with those other parties.

17.     Golden Boy is informed and believes that Mirigian disclosed this confidential

information to third parties without consideration of its impact on Ortiz.  Rather, Mirigian did so

for his own personal gain.

18.     Notwithstanding Mirigian's bad faith attempts to interfere with Golden Boy's

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

ability to negotiate fights for Ortiz, Golden Boy was able to successfully negotiate a fight for Ortiz to defend his title against Erickson Lubin in November 2025.  Yet again, Ortiz prevailed by second round knockout.

19.    Immediately after he was declared the winner of the Lubin fight, Ortiz invited boxer Jaron Ennis into the ring and told the world that his next fight would be against Ennis.  This announcement was very exciting to the larger boxing community.  A fight between Ortiz and Ennis for a world title is considered one of the top potential boxing events for 2026.  Ortiz publicly committed to making that fight happen.

20.    Golden Boy then set out to negotiate the terms of a fight between Ortiz and Ennis with Ennis's promoter, Matchroom.  Although Golden Boy believed it was making significant progress towards a deal to make the Ortiz v. Ennis fight happen, Golden Boy now realizes that Mirigian has been working behind the scenes to interfere with those negotiations. Golden Boy is informed and believes that Mirigian has been in regular communications with Matchroom representatives, undermining Golden Boy's negotiations, disclosing confidential information regarding the Promotional Agreement, and attempting to secure a different deal for the fight.

21.    Golden Boy is informed and believes that Mirigian has engaged in these actions because he learned that the Ortiz v. Ennis fight was of critical importance to DAZN and if he prevented Golden Boy from making a deal, it would drive a wedge between Golden Boy and DAZN.  Mirigian determined that if he could drive a wedge between DAZN and Golden Boy, that would help him take Ortiz to another promoter and broadcaster such as Zuffa and Paramoutn+ to further his own self-interest.

22.    Mirigian's influence has had the desired effect.  Not only has Mirigian prevented Golden Boy from closing a deal for the Ortiz v. Ennis fight, his interference has prevented Golden Boy from completing negotiations for its new broadcast agreement with DAZN.  As such, Mirigian's actions have interfered both with Golden Boy's performance of the Promotional Agreement and with Golden Boy's broadcast agreements with DAZN.

23.    Golden Boy is now left with no choice but to hold Mirigian accountable for his misconduct.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## **FIRST CAUSE OF ACTION**

Intentional Interference with Promotional Agreement

Against All Defendants

24.     Golden Boy hereby incorporates paragraphs 1-23 as though fully set forth herein.

25.     Golden Boy and Ortiz are parties to the valid and binding Promotional Agreement.

26.     As Ortiz's manager, Mirigian was aware of the Promotional Agreement and its terms.

27.     As set forth above, Mirigian intentionally engaged in actions specifically designed to interfere with the Promotional Agreement and Golden Boy's performance of that agreement by, among other things, negotiating with third parties for Ortiz's fights, disclosing confidential information to third parties, and interfering with Golden Boy's relationship with its broadcaster, DAZN.

28.     As set forth above, Mirigian engaged in these tortious acts to further his own self-interest and not to further the interests of Ortiz.  Indeed, Mirigian's actions have in no way benefitted Ortiz.  To the contrary, they have undermined Ortiz's ability to secure the Ennis fight and to maximize his career potential.  Golden Boy is informed and believes that Mirigian at all times acted without any regard for Ortiz's interests.

29.     Defendants' actions have, in fact, interfered with the Promotional Agreement by making Golden Boy's performance more difficult.  Indeed, Ortiz has sought to terminate the Promotional Agreement as a result of Mirigian's interference with Golden Boy's relationship with DAZN.

30.     As a direct and proximate result of Defendants' actions, Golden Boy has suffered damages including, but not limited to, out of pocket expenses incurred and lost profits.  The total amount of Golden Boy's damages will be proven at trial but is believed to exceed $5 million.

31.     Golden Boy is informed and believes that Defendants engaged in the conduct alleged herein with a conscious and willful disregard for Golden Boy's rights and/or with the intent to injure Golden Boy and that such conduct by Defendants is malicious and despicable and warrants an award of punitive damages in favor of Golden Boy and against Defendants to punish

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

and deter him from engaging in such conduct in the future.

32.     In addition, because of Ortiz's unique status as an undefeated up and coming boxer, his services to Golden Boy are unique and special, such that Golden Boy will suffer harm that cannot be compensated by money damages.  Accordingly, Golden Boy is entitled to injunctive relief to prevent further interference with the Promotional Agreement and further harm to Golden Boy that cannot be compensated in money damages.

## SECOND CAUSE OF ACTION

Intentional Interference with Golden Boy's Broadcast Agreement

Against all Defendants

33.     Golden Boy hereby incorporates paragraphs 1-23 as though fully set forth herein.

34.     At all relevant times, Golden Boy was party to an exclusive broadcasting agreement with DAZN.

35.     Mirigian knew of Golden Boy's exclusive broadcast agreement with DAZN.

36.     As described in more detail above, Mirigian has engaged in multiple actions designed to disrupt Golden Boy's agreement with DAZN.  Mirigian has disclosed confidential information regarding the Promotional Agreement to third parties, including Matchroom, has undermined Golden Boy's negotiations for the Ennis fight by communicating directly with Matchroom and other third parties, and has attempted to negotiate for the Ennis fight without Golden Boys authorization. Mirigian undertook all of these actions with the hope of interfering with Golden Boy's relationship with DAZN so as to be able to take Ortiz elsewhere.

37.     Mirigian's actions have, in fact, interfered with Golden Boy's agreement with DAZN.  Specifically, Mirigian's actions have prevented Golden Boy from signing a new agreement with DAZN for 2026-27 and has placed Golden Boy at significant risk of having its license fee budget significantly reduced by DAZN.

38.     As a direct and proximate result of Mirigian's actions, Golden Boy has suffered actual damages in an amount to be proven at trial, but believed to be no less than $10 million.

39.     Golden Boy is informed and believes that Mirigian engaged in the conduct alleged

herein with a conscious and willful disregard for Golden Boy's rights and/or with the intent to injure Golden Boy and that such conduct by Mirigian is malicious and despicable and warrants an award of punitive damages in favor of Golden Boy and against Mirigian to punish and deter him from engaging in such conduct in the future.

**<u>THIRD CAUSE OF ACTION</u>**

Intentional Interference with Prospective Economic Advantage

Against all Defendants

40.     Golden Boy hereby incorporates paragraphs 1-23 as though fully set forth herein.

41.     At all relevant times, Golden Boy had an established broadcasting relationship with DAZN.

42.     Mirigian knew of Golden Boy's broadcast relationship with DAZN and further knew that Golden Boy would be renewing that relationship during the term of the Promotional Agreement.

43.     As described in more detail above, Mirigian has engaged in multiple actions designed to disrupt Golden Boy's relationship with DAZN.  Mirigian undertook all of these actions with the hope of interfering with Golden Boy's relationship with DAZN so as to be able to take Ortiz elsewhere.

44.     Mirigian's actions have, in fact, interfered with Golden Boy's relationship with DAZN by preventing the execution of a new agreement with DAZN for 2026-27 and placing Golden Boy at significant risk of having its license fee budget significantly reduced by DAZN.

45.     Mirigian's actions interfering with Golden Boy's relationship with DAZN were wrongful because they were in direct violation of Golden Boy's rights under the Promotional Agreement and were designed to interfere with Golden Boy's relationship with Ortiz.

46.     As a direct and proximate result of Mirigian's actions, Golden Boy has suffered actual damages in an amount to be proven at trial, but believed to be no less than $10 million.

47.     Golden Boy is informed and believes that Mirigian engaged in the conduct alleged herein with a conscious and willful disregard for Golden Boy's rights and/or with the intent to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

injure Golden Boy and that such conduct by Mirigian is malicious and despicable and warrants an award of punitive damages in favor of Golden Boy and against Mirigian to punish and deter him from engaging in such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Golden Boy prays for judgment as follows:

1.    For damages in an amount to be proven at trial, but in no event less than $10 million;

2.    For pre-judgment and post-judgment interest at the maximum legal rate;

3.    For exemplary and punitive damages against Mirigian to punish and deter him from engaging in similar conduct in the future;

4.    For preliminary and permanent injunctive relief barring Mirigian from further interference with Golden Boy's rights;

5.    For prejudgment interest and costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Golden Boy hereby demands a trial by jury on all causes of action so triable.

DATED:  January 29, 2026

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: _____
RICARDO P. CESTERO (SBN 203230)
JONATHAN J. BOUSTANI (SBN 274748)
ARRON J. PAK (SBN 341572)
Attorneys for Plaintiff
Golden Boy Promotions, LLC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

10

COMPLAINT