UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Vergil Ortiz, Jr., | Case No. 2:26-cv-00084-CDS-EJY |
| Plaintiff | **Order Granting Defendant's Motion to Compel Arbitration, Denying Defendant's Motion to Dismiss, Granting in Part Plaintiff's Motion for Emergency Relief, and Staying Action Pending Arbitration** |
| v. | |
| Golden Boy Promotions, LLC, | |
| Defendant | [ECF Nos. 7, 8, 28] |

Plaintiff Vergil Ortiz, Jr., brought this breach of contract suit against defendant Golden Boy Promotions, LLC, on January 15, 2026, seeking declaratory relief. *See* Compl., ECF No. 1. On February 11, 2026, Golden Boy filed an emergency motion for a temporary restraining order (TRO), which I granted. Emerg. mot., ECF No. 10; Order granting TRO, ECF No 11.[1] In the TRO order, I directed the parties to appear for a hearing on the request for injunctive relief on February 20, 2026. *Id.* At the conclusion of the February 20, 2026 hearing, I took Golden Boy's request for injunctive relief pending the outcome arbitration under advisement. Mins., ECF No. 22.[2]

Also pending before the court are the defendant's motion to compel arbitration (ECF No. 7) and motion to dismiss (ECF No. 8). For the reasons set forth herein, I grant Golden Boy's motion to compel arbitration, and for injunctive relief pending the outcome of arbitration, but deny their motion to dismiss. I also grant in part Ortiz's motion for emergency relief. ECF No. 28.

---

[1] This order expired February 27, 2026.
[2] Because I find that issuing a bond is now moot, I decline plaintiff's request to have the defendant post a $16,000,000 bond.

I.      Background

Plaintiff Ortiz is a professional boxer and defendant Golden Boy is a boxing promotion company. ECF No. 1 at 1–2, ¶¶ 1–2. Golden Boy has served as Ortiz's promoter since 2016, and in May 2024, Ortiz and Golden Boy executed a Promotional Rights Agreement ("the Agreement"). Agreement, Pl.'s Ex. 1, ECF No. 13-2 at 5–17.

The Agreement provided that Golden Boy was to promote Ortiz's bouts for three more years, with minimum payments per fight exceeding one million dollars. ECF No. 13-2 at 6, ¶ 3(i). The Agreement contains the following provision which is at the heart of the dispute between the parties:

> Promoter's distribution relationship with DAZN is a material incentive for Boxer to enter into this Agreement. In the event that Promoter's distribution relationship with DAZN terminates, **for any reason**, and Promoter does not have an agreement in principle in place for an exclusive distribution relationship with an alternative broadcaster, then Boxer shall have the right to terminate this Agreement. For avoidance of doubt, if Promoter has agreed on all material terms with an alternative broadcaster, but is in the process of negotiating the long form agreement with that broadcaster, Boxer shall not be entitled to terminate this agreement. Boxer's right to terminate must be exercised by written notice within thirty (30) days following Boxer obtaining knowledge of the triggering event, or will be deemed waived.

ECF No. 10-1 at 13, ¶ 10(g); 13-2 at 13, ¶ 10(g) (emphasis added).

Thus, the Agreement allowed Ortiz to terminate, for any reason, if Golden Boy's distribution relationship with DAZN, its long-term broadcaster, ended. *See id.* The parties agree that Golden Boy's contract with DAZN expired on December 31, 2025. ECF No. 1; ECF No. 10.

On January 8, 2026, Ortiz sent a letter to Golden Boy to confirm that its broadcast contract with DAZN had expired on December 31, 2025, so he could terminate the agreement. Corresp., Pl.'s Ex. B, ECF No. 1 at 28–29. On January 13, 2026, Golden Boy confirmed that its formal agreement with DAZN ended, but it argued that Ortiz could not terminate the Agreement because Golden Boy and DAZN had agreed on the material terms of a new License Agreement to cover 2026 and 2027 and they had exchanged drafts of their agreements. Jan. 13, 2026 corresp., Pl.'s Ex. C, ECF No. 1 at 31–32.

2

On January 8, 2026, Ortiz's counsel sent a letter to Golden Boy's counsel advising that he was terminating the Agreement pursuant to Paragraph 10(g). *See* Pl.'s Ex. 1, ECF No. 13-1 at 4–6.[3] In response to Ortiz's letter, Golden Boy's counsel sent a cease-and-desist letter to Ortiz and Rick Mirigian, Ortiz's manager, demanding that they cease and desist their attempts to negotiate with third parties for the Ennis fight. *See* Pl.'s Ex. 2, ECF No. 13-1 at 7–9.

The Agreement also contains an arbitration provision. In relevant part, it provides:

> **Any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach, or termination thereof**: including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration: in accordance with the JAMS Commercial Arbitration Rules before a single arbitrator who shall be selected by the parties to the arbitration and who shall be a retired judge or justice.

ECF No. 13-2 at 14, ¶ 12(a) (emphasis added). Despite the arbitration provision, Ortiz initiated this action on January 15, 2026. ECF No. 1. On February 4, 2026, Golden Boy initiated a JAMS arbitration by submitting a Statement of Claim against Ortiz. *See* ECF No. 10 at 6.

As confirmed during oral argument on Golden Boy's motion for a TRO, the crux of this dispute is centered on two terms in the Agreement: "*distribution relationship*" and "*contract.*" Stated otherwise, the heart of this action arises out of or relates to the Agreement. ECF No. 22.

**II.    Summary of the pending motions**

On February 7, 2026, Golden Boy filed a motion to compel arbitration and to dismiss, which includes a request for interim injunctive relief. ECF Nos. 7, 8. Ortiz opposes the motion to compel arbitration and to dismiss. Opp'n, ECF No. 27. Therein, Ortiz argues that Golden Boy waived its right to compel arbitration and that, even if its motion to compel arbitration is granted, this action cannot be dismissed under the Federal Arbitration Act. *See id.*

---

[3] Counsel is cautioned that their exhibits must be attached separately in compliance with Local Rule IC 2-2(3). Adherence to the rules assists the court in resolving motions more expeditiously.

On March 2, 2026, Ortiz filed an emergency motion to confirm expiration of the TRO.[4] Emerg. mot., ECF No. 28.

### III.   Legal standard

#### A.   Motion to compel arbitration

The Federal Arbitration Act (FAA) in was enacted by Congress in 1925 to address the perception that courts were hostile to arbitration. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has held that the "fundamental principle" of arbitration is application of contract rules. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing R*ent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). The FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). Thus, to require arbitration, a party's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 (citation omitted).

In deciding whether to compel arbitration, the court may not review the merits of the dispute. Rather, "the court must determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). Once a court determines that a valid and enforceable agreement to arbitrate exists, it is "require[d] to enforce agreements to arbitrate." *CompuCredit v, Greenwood*,

---

[4] I grant in part and denying in part the defendants' motion to compel arbitration and injunctive relief. It is granted to the extent expiration of the TRO is confirmed but denied in all other respects. Ortiz is cautioned that he may not negotiate or contract with third parties for future fights before the arbitrator addresses the parties' dispute that gave rise to this action.

565 U.S. 95, 98 (2012). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Although the right to arbitration can be waived, "waiver of the right to arbitration is disfavored because it is a contractual right." *United States v. Park Place Assocs.*, 563 F.3d 907, 921 (9th Cir. 2009) (citation modified). Thus, a party seeking to prove a waiver of arbitration "bears a heavy burden of proof" demonstrating: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* (citations omitted).

Courts should consider whether there exists "a defense that would be available to a party seeking to avoid the enforcement of any contract." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005). Given the FAA's savings clause and the fundamental principle that contract rules apply to arbitration agreements, the Supreme Court has explained that "[a] court may invalidate an arbitration agreement based on 'generally applicable contract defenses,'" but "any state rule discriminating on its face against arbitration" or "that covertly accomplishes the same objective" is preempted. *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246, 251 (2017).

### B. Motion for injunctive relief

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Federal Rule of Civil Procedure 65 allows a court to grant preliminary injunctive relief to prevent irreparable injury. However, such relief may only be granted upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

IV.    Discussion

As I previously found, "a district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process-provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings of Ams., Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton*, 844 F.2d 726, 726–28 (10th Cir. 1988) (affirming district court's grant of preliminary injunction to preserve status quo until arbitration panel takes jurisdiction)). Having considered the parties' moving papers and arguments, I see no reason to disturb that determination, so I turn to the question of arbitrability.

In his opposition to the motion to compel arbitration, Ortiz does not dispute that the Agreement contains an arbitration provision, nor that these claims arise out of that provision. *See generally* ECF No. 27. He also does not contest its enforceability. As a result, the first prong of determining arbitrability is met. Rather, Ortiz contends that Golden Boy has waived its right to compel arbitration by bringing an action against his manager, Rick Mirigan, in Los Angeles Superior Court. *See id.* at 16–18. Ortiz contends that this separate action is an intentional act inconsistent with Golden Boy's right to arbitrate. *Id.* at 16.

"There is no concrete test to determine whether a party has engaged in acts inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions." *Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016)) (cleaned up). "[A] party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'" *Armstrong v. Michael Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). Golden Boy has not acted inconsistently with exercising its right to arbitrate. While it did waive its right to arbitrate against Mirigan by initiating suit against him, that is simply not the case with Ortiz.

Here, Golden immediately sought to enforce the arbitration provision against Ortiz. *Compare Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1231 (2015) (finding that a party's active participation "through the summary judgment stage" to be "sufficiently extensive and substantial as to be inconsistent with an existing right to arbitrate"), *with In re Toyota Motor Corp. Hybrid Brake Marketing, Sales, Practices and Products Liability Lit.*, 828 F. Supp. 2d 1150 (C.D. Cal. 2011) (finding waiver where parties engaged in extensive discovery, filed multiple motions, and participated actively in litigation before seeking arbitration), *and with DZ Rsrv. v. Meta Platforms, Inc.*, 2025 WL 3459061, at *4–5 (N.D. Cal. Dec. 2, 2025) (denying Meta's request to arbitrate right before trial and after actively litigating the case for years).

While Ortiz attempts to argue application of agency principles, this argument requires that I find Golden Boy's decision to sue Mirigan as constituting waiver. But Ortiz fails to meaningfully analyze how those principles apply here. Ortiz also fails to cite points and authorities to support his position that Golden Boy's decision to sue Mirigan waives its right to invoke arbitration here. Even so, this argument has been raised and rejected in other courts. *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1113 (C.D. Cal. 2002) ("[T]o hold that defendant can no longer assert its right to compel arbitration simply because it did not assert that right in another case is absurd. A finding that DirecTV has waived its right to arbitrate in this case because it agreed to a settlement in the Brauer case would amount to a rule that a party to millions of arbitration agreements has no choice but to arbitrate all claims arising from those agreements if even a single settlement has occurred in a case."); *Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 620 (N.D. Cal. 2019) (noting that the plaintiff failed to point to any cases in which allegedly inconsistent conduct in a separate case involving a different party can waive the right to arbitrate). I find the reasoning in those cases persuasive and adopt it here.

The totality of Golden Boy's actions does not indicate that it waived its right to arbitration. Rather, its actions are consistent with its right to enforce the arbitration provision of the Agreement. Accordingly, I grant Golden Boy's motion to compel arbitration. Further,

because I find that this action is arbitrable, injunctive relief is necessary to preserve the status quo. Thus, I also grant Golden Boy's request for interim injunctive relief[5] to allow for meaningful arbitration, so I hereby order that Ortiz may not negotiate or contract with third parties for future fights before the arbitrator addresses the parties' dispute set forth in this action.

Further, under § 3 of the FAA, where an issue involved in a proceeding is properly referred to arbitration, a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. I construe Ortiz's citation to this provision in arguing this action cannot be dismissed as seeking application of § 3. Accordingly, Golden Boy's motion to dismiss is denied, but this action is stayed through the completion of arbitration pursuant to § 3 of the FAA.

V.   Conclusion

IT IS HEREBY ORDERED that Golden Boy's motion to compel arbitration and for interim injunctive relief **[ECF No. 7] is GRANTED**. This action is STAYED pending arbitration. Because I am granting the interim injunctive relief, the parties are required to file a joint notice with the court, on September 2, 2026, advising of the status of the arbitration proceedings, or within five days of the arbitrator's decision, whichever is first.

IT IS FURTHER ORDERED that Golden Boy's motion to dismiss **[ECF No. 8] is DENIED**.

IT IS FURTHER ORDERED that Ortiz's emergency motion **[ECF No. 28] is GRANTED in part and DENIED in part** as set forth in this order.

Dated: March 2, 2026

_____
Cristina D. Silva
United States District Judge

---

[5] In granting this interim request, I incorporate my findings and reasonings that Golden Boy satisfied the *Winter* factors in my order granting their motion for an emergency TRO. *See* ECF No. 11 at 5. I further find that Golden Boy will suffer irreparable harm that goes beyond mere monetary damages as argued by Ortiz.